within sixty days from the date of signing the contract it would refund the amount paid and deliver up the notes on reassignment to him of the judgment by plaintiffs, *held* that the defense that there was no consideration for the agreement to return the money and notes for the reason that the company and one of the plaintiffs were one and the same, and therefore the company was paying its debt, was not sustained by the evidence.

---

## Coleman Gannon, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 18,943. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 3, 1914.

### Statement of the Case.

Action by Coleman Gannon against the Chicago Railways Company to recover for personal injuries sustained by plaintiff and alleged to have been caused by the negligence of defendant in suddenly starting its car while plaintiff was attempting to board the same. Defendant pleaded the general issue, and claimed on the trial that it had no knowledge of the accident at the time it occurred and had no notice that plaintiff tendered himself as a passenger, and that the plaintiff was injured through his own fault in attempting to board a moving car. From a judgment in favor of plaintiff for five hundred dollars, defendant appeals.

CHARLES L. MAHONY and WILLIAM H. SYMMES, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

J. W. SUTTON, for appellee; MARTIN L. WILBORN, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 486*—*when modification of instruction erroneous.* In an action against a street railway company for personal injuries, the defendant tendered an instruction stating that if the defendant had no notice or could not know that plaintiff intended to board the car, then if plaintiff was injured in attempting to board the car under such circumstances there could be no recovery. *Held* that a modification of the instruction by the trial court so as to make it turn upon the question whether the plaintiff exercised ordinary care in attempting to board the car was error.

2. CARRIERS, § 486*—*when refusal of requested instruction is error.* In an action against a street railway for personal injuries sustained by plaintiff in attempting to board a car, refusal of a requested instruction: "If you believe from the evidence that the plaintiff attempted to board the car in question while the car was moving, then you should find the defendant not guilty," *held* error.

3. INSTRUCTIONS, § 7*—*when should be accurate.* Where the record shows a variance and dispute in the evidence and between the plaintiff's statements out of court and his testimony on the trial, it is indispensable that the jury should be accurately instructed.

---

James S. Tracey, Appellee, v. Chicago Railway Company et al.

On Appeal of Chicago City Railway Company, Appellant.

Gen. No. 18,955. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 3, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.